UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES CARROLL CARTER**                                   **CIVIL ACTION**

**VERSUS**                                                 **NO. 22-705-SDD-SDJ**

**COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION**

---

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 14, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES CARROLL CARTER**                              **CIVIL ACTION**

**VERSUS**                                                            **NO. 22-705-SDD-SDJ**

**COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION**

## REPORT AND RECOMMENDATION

In this action, Plaintiff James Carroll Carter seeks judicial review of a final decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g), denying Plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act. (R. Doc. 1).[1] Having found all the procedural prerequisites met, the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you ... file an action in Federal district court ...").

For the reasons given below, the Court **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

**I.     PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of January 8, 2020, which he later amended to July 23, 2020. (Tr. 198) Plaintiff's alleged disabling condition includes blindness and low vision. (Tr. 56).

---

[1] References to documents filed in this case are designated by: (R. Doc. [docket entry number(s)] at [page number(s)]). Reference to the record of administrative proceedings filed in this case is designated by: (Tr. [page number(s)]).

After Plaintiff's claim was initially denied, he filed a written request for hearing before an Administrative Law Judge on January 25, 2021. (Tr. 92). A Notice of Hearing was issued for November 15, 2021. (Tr. 166). The hearing was held by telephone by an Administrative Law Judge (Tr. 27), after which the ALJ issued an unfavorable decision on December 23, 2021. (Tr 9).

After Plaintiff's request for review was denied by the Appeals Council on August 19, 2022, (R. Doc. 9-3 at 2), the ALJ's decision became the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . ."). Plaintiff then appealed the Commissioner's final decision, which is now before the Court for review. (R. Doc. 1).

## II.   STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Substantial evidence will not be found, however, when "there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence or try the case de novo. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."). If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). But if the Commissioner fails to apply the correct legal standards or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

### III.   ALJ'S DETERMINATION

To qualify for benefits, the claimant must establish that he is disabled within the meaning of the Social Security Act. *Herron v. Bowen*, 788 F.2d 1127, 1131 (5th Cir. 1986) (internal citations omitted). The SSA defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan*, 914 F.2d at 618.

The Commissioner (through an ALJ) applies a five-step sequential analysis to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities ..." 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. §

404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments). The ALJ then determines the claimant's residual functional capacity—that is, the claimant's ability to work after taking his severe and non-severe impairments into acount. Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work. 20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps, then the burden shifts to the Commissioner to prove, considering the claimant's RFC, age, education, and past work experience, that he is capable of performing other work. 20 C.F.R § 404.1520(g)(1). If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

Here, the ALJ made the following determinations:

**Step 1**    The Claimant has not engaged in substantial gainful activity since January 8, 2020, the alleged onset date. 20 C.F.R. § 404.1571 *et seq.*

**Step 2**    The Claimant has the following severe impairment: bilateral congenital macular degeneration (20 CFR 404.1520(c)).

**Step 3**    The Claimant does not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

**RFC:**    The Claimant has the RFC to perform a full range of work at all exertional levels, but with the nonexertional limitations. The claimant must never climb ladders, ropes, or scaffolds and must avoid all exposure to unprotected heights, dangerous machinery, and moving machinery. The Claimant is limited to jobs that require no more than occasional near acuity, far acuity, depth perception, accommodation, and frequent peripheral acuity.

**Step 4**    The Claimant was unable to perform any past relevant work (20 CFR 404.1565).

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding

that the Claimant is "not disabled," whether or not the Claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

**Step 5**     Considering Claimant's age ("advanced"), education (at least high school), work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform (20 CFR 404.1569 and 404.1569a).

(Tr. 14-19).

## IV.   DISCUSSION

In support of his appeal, Plaintiff argues that (1) the ALJ failed to articulate a "rational, medical, evidentiary basis" for ruling that Plaintiff could work on a daily basis at any job level and (2) that the vocational expert's assessment of jobs Plaintiff could perform was flawed.

As to his first point, Plaintiff first argues that the ALJ did not sufficiently explain how the medical records and testimony of record led to the ALJ's determination of Plaintiff's RFC. (R. Doc. 13 at 5). First, Plaintiff asserts that the RFC is the ability to do "sustained work activities… on a regular and continuing basis". (R. Doc. 13 at 5). Plaintiff argues that the medical records do not support the finding that Plaintiff could work at all exertional levels on a sustained continuous basis. (R. Doc. 13 at 6). Plaintiff argues that the ALJ did not consider Plaintiff's diagnoses of atherosclerotic heart disease, hypertension, and hyperlipidemia when determining exertional limits, and that this alone demands remand. (R. Doc. 13 at 6-7).

At step two, the ALJ acknowledged Plaintiff's diagnoses of atherosclerotic heart disease and obesity, but noted that the medical evidence of record does not support a finding that these conditions have more than minimal effect on Plaintiff's ability to work. (Tr. 15). "The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the disabling effect of each of the claimant's ailments and the combined effects of all of

these impairments." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (citation and quotation marks omitted). The Fifth Circuit has explained that, "'throughout the disability determination process,' the ALJ is required to consider the combined effect of any impairments 'without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Gonzales v. Berryhill*, No. 3:16-CV-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017) (quoting *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)).

Plaintiff is correct in pointing out that the ALJ did not specifically address Plaintiff's non-severe cardiac impairments in his written explanation of the RFC. But not every error warrants reversal or remand; remand is only warranted if the ALJ's error is harmful. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Here, Plaintiff's cardiology records show regular (yearly or twice yearly) visits to his family doctor and cardiology group (Tr. 402-458, Ochsner Health Center; Tr. 338-342 and 396-401, Baton Rouge Cardiology Center). The notes to all of these visits indicate that Plaintiff's heart conditions are treated and controlled; Plaintiff denies any symptoms, and the family medicine notes specifically cite that he denies symptoms that are pertinent to his conditions, including chest pain, headache, neck pain, palpitations, shortness of breath, and myalgias. (Tr. 404, 414, 420, 431, 438, 448, 454). Plaintiff's disability function reports also support this, indicating no symptoms related to his heart disease and indeed no limitations beyond those caused by his vision. (Tr. 277, 297). The ALJ is required to consider the effects of *all* ailments, including non-severe ones, but here there were no symptoms in evidence to consider. The ALJ might have said as much in his RFC determination, but his failure to do so does not constitute harmful error.

Continuing his argument regarding the ALJ's articulation of RFC, Plaintiff further argues that the ALJ erred in adopting some but not all of the medical opinions of Plaintiff's treating ophthalmologist Dr. Oliver, and medical expert for the hearing Dr. Schaffzin. (R. Doc. 13 at 7). Plaintiff argues that the limitations offered by these doctors were "not completely heeded, as the ALJ cited the activities of daily living indicated by the Plaintiff on a form as admitting more than these opinions revealed." (R. Doc. 13 at 7). What Plaintiff describes here is the ALJ weighing the totality of the evidence in record, evaluating it for inconsistencies, and determining credibility, consistency, and supportability of the various sources—in other words, performing exactly the kind of analysis he is required to do.[2] The ALJ determined that Plaintiff's own description of his daily activities supported limitations of only occasional near and far acuity and depth perception, frequent peripheral vision, and occasional accommodations; that Plaintiff can handle large objects and can avoid collision with people who approach him from the side;[3] and that Plaintiff has no physical limitations beyond his limited visual acuity. (Tr. 17). It is entirely and exclusively within the ALJ's purview to weigh such evidence, and this Court cannot reweigh the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). But the Court can note that Plaintiff's characterization of his daily activities does indeed support minimal physical restrictions. In December 2020, Plaintiff indicated that his daily tasks take longer than they used

---

[2] An ALJ considers five factors with regards to sources of medical opinions and prior administrative medical findings: supportability, consistency, relationship with the claimant, specialization, and other factors, such as familiarity with the other evidence in the claim or an understanding of disability policies and evidentiary requirements. 20 C.F.R § 416.920c(c). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Consistency has been described as an "an all-encompassing inquiry focused on how well a medical source" agrees with other sources in "the entire record." *Sharon H. v. Kijakazi*, 2022 WL 3951488 (N.D.Tex. Aug. 31, 2022) (citing *Vellone ex rel Vellone v. Saul*, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)).

[3] Plaintiff's brief mischaracterizes this ability. Dr. Oliver's assessment reads: "Can the claimant: … Handle and work with large objects? … Avoid objects in workplace pathways? Avoid people approaching from the side?" Dr. Oliver circled "YES" to indicate that Plaintiff can handle large objects and "YES" to indicate that he can avoid people approaching from the side; this is consistent with Plaintiff still having use of his peripheral vision. Dr. Oliver circled "NO" to indicate that Plaintiff cannot avoid objects in workplace pathways, consistent with Plaintiff's loss of center vision and inability to see objects on the ground directly in front of him. Plaintiff's brief indicates the opposite: that "people should avoid approaching [Plaintiff] from the side". (R. Doc. 13 at 7).

to, but that he does household cleaning, laundry, repairs, and mows the grass. (Tr. 299) His hobbies include biking, canoeing, watching TV, being out on the river, and woodworking, though woodworking is now hard to do.[4] (Tr. 301). Indeed, in November 2020, Plaintiff was even occasionally driving. (Tr. 272, 280). The ALJ's consideration of the totality of the evidence and weighing it accordingly is not only not reversible error, but is not error at all.

Plaintiff's second argument supporting his appeal is regarding the vocational expert's assessment of jobs. Plaintiff asserts that Dr. Schaffzin, the medical expert at the hearing, indicated that Plaintiff would not be able to perform fine motor manipulations ("fingering") with nickel or penny sized objects. (R. Doc. 13 at 8; Tr. 40-41). And the vocational expert testified that with the addition of this limitation, there are no jobs that Plaintiff could perform. (Tr. 52).

"It is well-established law, however that the ALJ need not rely on VE testimony that is based on evidentiary assumptions that the ALJ later concludes is unsupported by the objective medical evidence." *Brooks v. Astrue*, 2012 WL 3644743, at *7 (E.D. La. Aug. 9, 2012) (citing *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985)). Here, Plaintiff takes issue with the ALJ's reliance on the vocational expert's opinion, namely the jobs he said would be available to Plaintiff. Plaintiff asserts that because the available jobs were inconsistent with the limitation on fine motor work, the ALJ should not have relied on this assessment. But as discussed above, the ALJ in weighing the full record did not find the limitation on fine motor work persuasive, and he did not include it in his RFC. (Tr. 17). The ALJ enumerated the parts of Dr. Schaffzin that he found supported by the record, and he formulated Plaintiff's RFC accordingly. (Tr. 17). The

---

[4] Plaintiff's brief indicates that woodworking is the *only* hobby Plaintiff can now do, but this seems to be a misreading of Plaintiff's answers—responding to "How often … do you do these things?" Plaintiff responds, "one of them weekly, (woodworking anualy[sic])" and to "Describe any changes in these activities since the…condition began." Plaintiff responds, "woodworking is by feel and measuring is very hard." (Tr. 301). On a different function report, from November 21, 2020, Plaintiff indicates that he can "do all of this ok", referring to canoeing, bicycling, and walking the dog. (Tr. 281).

examples of available jobs in the ALJ's determination (Tr. 19) are consistent with his RFC, and thus there is no error at this step.

IV. **CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's appeal **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on March 14, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**